**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGGIE B. MILLS,<br>CDCR #BA-3650,<br><br>                           Plaintiff,<br><br>       vs.<br><br>K. IBARRA; H. ASBURY; S. MURPHY<br>                          Defendants. | Case No.: 3:18-cv-2135-CAB-RBM<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

     Reggie B. Mills ("Plaintiff") is currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California ("RJD"). He is proceeding pro se, and has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl, ECF No. 1.)

     Plaintiff claims RJD Correctional Officer Ibarra, Correctional Lieutenant Asbury, and S. Murphy, a California Department of Corrections and Rehabilitation ("CDCR") Appeals Examiner in Sacramento, violated his rights to free speech and due process in November 2017 and April 2018. (*Id.* at 1-3.) He seeks $50,000 in general and punitive damages. (*Id.* at 7.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR Inmate Statement Report, as well as a Prison Certificate issued by a RJD trust accounting official which attests as to his balances and deposits over the 6-month period preceding the filing of his Complaint. *See* ECF No. 2; ECF No. 4 at 1-3; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show Plaintiff carried an average monthly balance of $22.21, and that he had $21.67 in average monthly deposits to his trust account for the 6-months preceding the filing of this action. However, Plaintiff also had an available balance of only $.14 on the books at the time of filing. *See* ECF No. 4 at 1-3.

Based on this accounting, the Court assesses an initial partial filing fee of $4.44 pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1), but also notes Plaintiff may have insufficient funds with which to pay that initial fee at the time this Order issues. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee assessed by this Order because his trust account statements suggest he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and instead directs the Acting Secretary of the CDCR, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Plaintiff's Claims</u>

Plaintiff's factual allegations are brief. He claims that on November 5, 2017,[2] Correctional Officer K. Ibarra called him a "dirty n*** (racial slur)" and that "created a hostile environment between Black inmates and Mexican inmates in RJD-A-3 building." (*See* Compl., ECF No. 1 at 3.) Plaintiff contends Ibarra uttered this racial epithet in order to "retaliate[] against [him] because [he] used [his] constitutional right to free speech" and "filed a 602 petition on another inmate['s] behalf against officer K. Ibarra." (*Id.*) Plaintiff claims Ibarra is "the leader behind racial tension" and "other inmates vowed to attack [him] because of her words." (*Id.*)

C. <u>42 U.S.C. § 1983</u>

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

D. <u>Defendant Ibarra</u>

First, to the extent Plaintiff challenges Officer Ibarra's alleged use of an offensive epithet, the Court notes that racial slurs and other forms of verbal abuse uttered by state actors—standing alone—do not violate a prisoner's constitutional rights. *Freeman v.*

---

[2] Plaintiff claims the incident occurred on "11/5/18" in part of his Complaint, but the first page of his pleading and the exhibits attached to it make clear his encounter with Correctional Officer Ibarra occurred on 11/5/17. (*See* Compl., ECF No. 1, 3, 8-9, 12-18.)

5
3:18-cv-2135-CAB-RBM

*Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quotations omitted), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (holding verbal harassment, standing alone, does not violate the Eighth Amendment); *Pennebaker v. Sacramento Cty. Sheriff*, 2015 WL 269384, at *2-3 (E.D. Cal. Jan. 20, 2015) ("racially charged language" in itself, does not violate the Constitution, laws, or treaties of the United States and is not cognizable under § 1983). Such verbal harassment and abuse may, however "be evidence that prison officials acted in an intentionally discriminatory manner." *Freeman*, 125 F.3d at 738; *see also id.* at 738 n.6; *accord Kakatin v. Kiana*, No. 15-00337 JMS/BMK, 2015 WL 6181758, at *2 (D. Haw. Oct. 20, 2015).

In this regard, Plaintiff also claims that Ibarra uttered this slur in order to retaliate against him for having filed an inmate grievance against her on behalf of a fellow inmate, and that "other inmates vowed to attack [him] because of her words." (*See* Compl., ECF No. 1 at 3.) But he offers no further detail, and does not allege to have been otherwise injured as a result of Ibarra's insult. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (internal footnote omitted). Adverse action is action that "would chill a person of ordinary firmness" from engaging in the protected activity. *Pinard v. Clatskanie School District 6J*, 467 F.3d 755, 770 (9th Cir. 2006); *see also White v. Lee*,

227 F.3d 1214, 1228 (9th Cir. 2000). Plaintiff also must allege facts to show that the exercise of his First Amendment rights was the substantial or motivating factor behind Ibarra's conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). Further, he bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Because Plaintiff's Complaint currently fails to allege facts in support of all these pleading requirements, and offers no more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]" with respect to Officer Ibarra's behavior, *see Iqbal*, 556 U.S. at 678, the Court finds it fails to allege a plausible claim of retaliation. *See id.*

With respect to Plaintiff's claims that Ibarra's utterance "created a hostile environment between Black inmates and Mexican inmates," and that "other inmates vowed to attack [him] because of her words," *see* Compl., ECF No. 1 at 3, Plaintiff also fails to allege a separate Eighth Amendment claim. "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'.... For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, to violate the Cruel and Unusual Punishments Clause, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official, like Correctional Officer Ibarra here, can be held liable only if she "knows of and disregards an excessive risk to inmate health and safety;" … she "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* at 837.

As it stands, Plaintiff's Complaint describes only a speculative and generalized fear that he may be harmed at the hands of other prisoners as a result of Ibarra's epithet

7

and the racial hostility he claims existed between inmates as a result. That possibility by itself, however, simply does not meet Eighth Amendment pleading requirements. *See Williams v. Wood*, 223 Fed. Appx. 670, 671 (9th Cir. 2007) (citing *Farmer*, 511 U.S. at 843); *Jackson v. Paramo*, No. 17CV882-CAB (BLM), 2018 WL 571957, at *8 (S.D. Cal. Jan. 26, 2018), *report and recommendation adopted*, No. 17CV882-CAB-BLM, 2018 WL 1531927 (S.D. Cal. Mar. 28, 2018) ("[T]heoretical risk of harm is insufficient to establish deliberate indifference.") (citing *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the Eighth Amendment); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur."); *Hernandez v. Schriro*, 2011 WL 2910710, at *6 (D. Ariz. July 20, 2011) ("[w]hile theoretical risk is always possible, *Farmer* requires more—'conditions posing a substantial risk of serious harm.'") (citation omitted)).

For these reasons, the Court finds Plaintiff's Complaint fails to allege either a First or Eighth Amendment claim with respect to Defendant Ibarra. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### E. Defendants Ashbury and Murphy

Plaintiff also names H. Asbury, a Correctional Lieutenant, and S. Murphy, an Inmate Appeals Examiner, as Defendants—but his allegations against them are even more sparse. (*See* Compl., ECF No. 1 at 2.) Specifically, Plaintiff claims Asbury "partially granted" a CDCR 602 appeal he filed related to Ibarra's conduct, "but nothing [else] was done." (*Id.* at 2.) As to Murphy, Plaintiff contends only that he acted "under color of law by den[ying] [Plaintiff] due process." (*Id.*)

A prison official's allegedly improper processing of an inmate's grievances or appeals, without more, cannot serve as a basis for section 1983 liability. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted);

*Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (due process not violated simply because defendant fails properly to process grievances submitted for consideration); *see also Todd v. California Department of Corrections and Rehabilitation*, 615 Fed. Appx. 415, 415 (9th Cir. 2015) (district court properly dismissed claim based on improper "processing and handling of […] prison grievances," since prisoners have no "constitutional entitlement to a specific prison grievance procedure") (citing *Ramirez*, 334 F.3d at 860) (quotation marks omitted); *Shallowhorn v. Molina*, 572 Fed. Appx. 545, 547 (9th Cir. 2014) (district court properly dismissed section 1983 claims against defendants who "were only involved in the appeals process") (citing *Ramirez*, 334 F.3d at 860); *Daniels v. Aguilera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 558658, at *1 (E.D. Cal. Jan. 24, 2018), *report and recommendation adopted sub nom. Daniels v. Aguillera*, No. 2:16-CV-00996-JAM-CKD P, 2018 WL 1763311 (E.D. Cal. Apr. 12, 2018) ("Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process prison grievances.").

For these reasons, the Court finds Plaintiff's conclusory allegations against Defendants Ashbury and Murphy insufficient to state any plausible due process claim upon which § 1983 relief may be granted. *See Iqbal*, 556 U.S. at 680-84 (citations omitted); *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW (JC), 2016 WL 7378887, at *6 (C.D. Cal. Dec. 19, 2016) (sua sponte dismissing claims predicated upon the alleged improper processing of inmate grievances); 28 U.S.C. §§ 1915(e)(2)(b)(ii), 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

F. <u>Leave to Amend</u>

In light of his pro se status, the Court **GRANTS** Plaintiff leave to amend his First and Eighth Amendment claims with respect to Defendant Ibarra. *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by

amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

As to Plaintiff's purported due process claims against Defendants Ashbury and Murphy, however, the Court **DENIES** leave to amend as futile. *Id.* (leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted); *Bearchild v. Cobban*, No. CV 14-31-H-DLC, 2015 WL 627732, at *5 (D. Mont. Feb. 9, 2015) (dismissing inmate grievance processing allegations for failing to state a claim and without leave to amend because this pleading defect could "not be cured by the allegation of additional facts.").

## III. Conclusion and Orders

For the reasons discussed, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **DIRECTS** the Acting Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Ralph Diaz, Acting Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted, *as to his First and Eighth Amendment allegations against Defendant Ibarra only*. Plaintiff's Amended Complaint must be complete by itself without reference to his original

10

pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: December 13, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge