**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

REGGIE MILLS,
CDCR #BA-3650,

                              Plaintiff,

        vs.

C/O K. IBARRA; H. ASBURY;
G. MURPHY

                              Defendants.

Case No.:  3:18-cv-02135-CAB-RBM

**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**

## I.     Procedural History

On September 13, 2018, Reggie B. Mills ("Plaintiff") who is currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California ("RJD"), filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl, ECF No. 1.) In his original Complaint, Plaintiff claimed RJD Correctional Officer Ibarra, Correctional Lieutenant Asbury, and S. Murphy, a California Department of Corrections and Rehabilitation ("CDCR") Appeals Examiner in Sacramento, violated his rights to free speech and due process in November 2017 and April 2018. (*Id.* at 1-3.)

Plaintiff did not prepay the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action at the time he filed his Complaint; instead, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

On December 13, 2018, the Court dismissed his Complaint sua sponte and in its entirety for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 5. In its Order, the Court reviewed Plaintiff's allegations on First, Eighth, and Fourteenth Amendment grounds, provided him notice of his pleading deficiencies, and granted him 45 days leave in which to fix them. *Id.*

The Court also cautioned Plaintiff that any "Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." *Id.* at 11 citing S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

On January 31, 2019, Plaintiff filed his First Amended Complaint ("FAC").  (ECF No. 8.)  In his FAC, Plaintiff no longer names Defendants Asbury or Murphy. Accordingly, those Defendants are dismissed from this action.

## II.    Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.    Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002,

2

1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 681 (7th Cir. 2012)). A complaint is "frivolous" if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  <u>Plaintiff's Claims</u>

Similar to his original Complaint, Plaintiff's factual allegations are few.  He claims that on November 5, 2017 Correctional Officer K. Ibarra "repeated[ly]" used the racial slur "n***" to have the "Black Inmate population upset with her." (*See* FAC, ECF No. 8, at 3.)  According to the summary in the administrative grievances attached to Plaintiff's

FAC, Plaintiff claimed that Ibarra "used a racially disparaging term when giving him orders." (*Id.* at 10, Third Level Appeal Decision dated Apr. 25, 2018.) Plaintiff claims that the use of the offensive term is "unethical" and serves no legitimate penological interest. (*Id.* at 3.)

### C. 42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

### D. Defendant Ibarra

Once again, to the extent Plaintiff challenges Officer Ibarra's alleged use of an offensive epithet, the Court notes that racial slurs and other forms of verbal abuse uttered by state actors—standing alone—do not violate a prisoner's constitutional rights. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quotations omitted), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (holding verbal harassment, standing alone, does not violate the Eighth Amendment); *Pennebaker v. Sacramento Cty. Sheriff*, 2015 WL 269384, at *2-3 (E.D. Cal. Jan. 20, 2015) ("racially charged language" in itself, does not violate the Constitution, laws, or treaties of the United States and is not cognizable under § 1983). Such verbal harassment and abuse may, however "be evidence that prison officials acted in an intentionally discriminatory manner." *Freeman*, 125 F.3d at 738.

However, as the Court previously found, Plaintiff offers no specific factual allegations as to any harm that resulted from Ibarra's alleged actions and does not allege to have been otherwise injured as a result of Ibarra's insult. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

With respect to Plaintiff's claims that Ibarra's use of the term was to cause the "Black Inmates" to be "upset with her," *see* FAC, ECF No. 8, at 3, Plaintiff also again fails to allege a separate Eighth Amendment claim. "[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[A] prison official violates the Eighth Amendment when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'.... For a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, to violate the Cruel and Unusual Punishments Clause, Plaintiff must allege the prison official he seeks to hold liable had a "'sufficiently culpable state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official, like Correctional Officer Ibarra here, can be held liable only if she "knows of and disregards an excessive risk to inmate health and safety;" … she "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [s]he must also draw the inference." *Id.* at 837.

Plaintiff does not allege that he was actually harmed by other prisoners as a result of Ibarra's epithet nor does he allege that he was ever threatened with harm by other prisoners as a result of Ibarra's actions. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("mere threat" of possible harm does not violate the Eighth Amendment); *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (deliberate indifference requires showing of "more than a mere suspicion that an attack will occur.").

/ / /

For these reasons, the Court finds Plaintiff's FAC fails to allege a claim with respect to Defendant Ibarra. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

### E.    Leave to Amend

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III.    Conclusion and Order

For the reasons discussed, the Court:

1)      **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

2)      **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and

3)      **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

Dated:  May 24, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge